| | |
|---|---|
| CHARLES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-289-TAV-JEM |
| | ) |
| LT. WALL, | ) |
| SGT. EVANS, | ) |
| CPL. CORBIN, | ) |
| CPL. HACKER, | ) |
| C.O. GOLDEN, | ) |
| C.O. JONES, and | ) |
| NURSE SARAH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, Plaintiff's claims based on municipal liability and for violation of TDOC policies will be **DISMISSED**, Plaintiff's request for relief in the form of reprimand or termination of Defendants will be **DISMISSED**, and the remainder of Plaintiff's claims will proceed herein.

I.   **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a). To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.    **Allegations**

In his complaint, Plaintiff alleges that on June 30, 2022, he was lying on the floor of his cell due to chest pains, and "an emergency code was called" [Doc. 1 p. 3–4]. Nurse Sarah explained that his medical files stated that he had high blood pressure [*Id.* at 4]. Then Defendants Lt. Wall, Sgt. Evans, Cpl. Corbin, Cpl. Hacker, C.O. Jones, and C.O. Golden entered the cell and Plaintiff felt someone punch him in the face, an officer choke him, an officer lean on the back of his neck, and someone kick him in the face [*Id.*]. Plaintiff screamed that he could not breathe, at which point Nurse Sara told the officers that Plaintiff could not breathe and to get off him, and inmates began kicking the door [*Id.*]. Plaintiff

3

then passed out [*Id.*]. After Plaintiff woke up, the guards left the cell without providing Plaintiff medical treatment [*Id.*].

Plaintiff has sued Lt. Wall, Sgt. Evans, Cpl. Corbin, Cpl. Hacker, C.O. Golden, C.O. Jones, and Nurse Sarah [*Id.* at 1, 3]. Plaintiff sues each Defendant for deliberate indifference, cruel and unusual punishment, and excessive force [*Id.* at 4]. Plaintiff also sues Defendants Lt. Wall, Sgt. Evans, Cpl. Corbin, and Cpl. Hacker "with supervisory liability," Defendants C.O. Jones and C.O. Golden "with municipal liability," and Nurse Sarah "with medical malpractice" [*Id.*]. Plaintiff further asserts that he sues all officers for "Failure to Follow Proper Procedure," and that "[e]ach officer is being sued in their [e]ntire own capacity" [*Id.*].

As relief, Plaintiff seeks one-hundred thousand dollars from each officer and four-hundred thousand dollars from Nurse Sarah, for a total of one million dollars [*Id.* at 5]. Plaintiff also requests that all Defendants be reprimanded or fired "and for it to be hard for policy to be broken or not broken at all and others['] rights not [be] violated" [*Id.*].

**C.  Analysis**

First, the Court liberally construes Plaintiff's statement that he sues Defendants C.O. Jones and C.O. Golden "with municipal liability" as a request to hold either the TDOC or the State of Tennessee liable for these Defendants' actions. However, neither TDOC nor the State of Tennessee is a "person" subject to liability under § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State" and is not a person within the meaning of § 1983) (citing *Will v. Mich. Dep't of*

4

*State Police*, 491 U.S. 58, 64 (1989)) ("[A] State is not a person within the meaning of § 1983")). Thus, this claim is not cognizable and will be **DISMISSED**.

Additionally, Plaintiff's claim that Defendants violated TDOC policies fails to state a claim upon which relief may be granted under § 1983, which provides redress only for violations of federal constitutional or statutory rights. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citation omitted). As such, this claim also will be **DISMISSED**.

Moreover, the Court does not have the authority to grant Plaintiff relief in the form of reprimand or termination of Defendants. *Dickson v. Burrow*, No. 5:19-CV-P163-TBR, 2019 WL 6037671, at *2 (W.D. Ky. Nov. 14, 2019) (citing *Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) for its holding that "[t]he Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees" and *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) for its holding that a court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Thus, Plaintiff's request for this relief will be **DISMISSED**.

However, Plaintiff's remaining claims will proceed herein.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

5

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 based on municipal liability and violation of TDOC policies, and these claims are therefore **DISMISSED**;

6. Also, Plaintiff's request for relief seeking reprimand or termination of Defendants is not cognizable herein, and it is therefore **DISMISSED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for each Defendant;

8. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed;

12. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against that Defendant; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action

diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7

Case 3:22-cv-00289-TAV-JEM   Document 5   Filed 11/01/22   Page 7 of 7   PageID #: 32