UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHARLES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:22-CV-289-TAV-JEM |
| | ) |
| LT. WALL, | ) |
| SGT. EVANS, | ) |
| CPL. CORBIN, | ) |
| CPL. HACKER, | ) |
| C.O. GOLDEN, | ) |
| C.O. JONES, and | ) |
| NURSE SARAH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Plaintiff initiated this action by sending the Court a complaint for violation of § 1983 that contains what purports to be his signature [Doc. 1 p. 5]. The Clerk then sent Plaintiff a deficiency notice notifying him that, in order for this matter to proceed, he had to pay the filing fee or file the required documents to proceed *in forma pauperis* [Doc. 2]. Plaintiff complied with this notice by filing a motion for leave to proceed *in forma pauperis* [Doc. 4 p. 1–2], as well as his certified inmate trust account documents [*Id.* at 3–14]. The Court then granted Plaintiff leave to proceed *in forma pauperis* and allowed this action to proceed [Doc. 5].

However, Plaintiff has now filed a document with the Court requesting that the Court dismiss this action and not charge him with the filing fee [Doc. 6]. In this motion,

Plaintiff states that he is concerned that another prisoner in his pod used his name to file this lawsuit, and that he did not file this lawsuit [*Id.* at 1].

In considering Plaintiff's allegations, the Court has reviewed all of Plaintiff's filings in the record [Docs. 1, 4, 6]. In doing so, the Court noted that Plaintiff's handwriting and signature in his most recent motion [Doc. 6] appear on their face to be different than the handwriting and signature in his complaint [Doc. 1 p. 1–5]. But the Court also noted that the handwriting and signature on Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4 p. 1–2] appear to be very similar to the handwriting and signature on Plaintiff's motion to dismiss this action [Doc. 6], and that the handwriting on the envelopes for all of Plaintiff's filings, including his complaint, appears to be consistent with the handwriting on Plaintiff's motion to dismiss this action [*Compare* Doc. 1 p. 6 *with* Doc. 4 p. 15 and Doc. 6 p. 2].

The Court further points out that while Plaintiff asserts that another inmate used his name to file this lawsuit, Plaintiff does not explain how this other inmate would have obtained the Clerk's deficiency notice regarding the documents needed for this action to proceed, such that he would know that Plaintiff needed to file the relevant *in forma pauperis* documents. Nor does he explain how this inmate would have obtained a certified copy of Plaintiff's inmate trust account documents. The Court also notes that Plaintiff's motion to dismiss this action is unsworn.

Accordingly, Plaintiff's motion to dismiss this action and for the Court to not charge him with the filing fee [Doc. 6] will be **GRANTED in part** to the extent that this action

2

will be **DISMISSED** and **DENIED in part without prejudice** to the extent that Plaintiff requests that the Court not charge him the filing fee. Also, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE